IN THE SUPREME COURT OF THE STATE OF DELAWARE

ERIC HOLMES, § 
§ 
    Defendant Below-
Appellant, § No. 22, 2017
§ 
§ 
v. § Court Below—Superior Court
§ of the State of Delaware
STATE OF DELAWARE, § 
§ Cr. ID 1210019908 (N)
    Plaintiff Below-
Appellee. § 
§ 

Submitted: July 14, 2017
Decided: August 29, 2017

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 29th day of August 2017, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Eric Holmes, filed this appeal from the Superior Court's memorandum opinion, dated December 15, 2016, denying his first motion for postconviction relief.[1]  After careful consideration, we find no merit to the appeal.  Thus, we affirm the Superior Court's judgment.

(2)    The record reflects that a Superior Court jury convicted Holmes in July 2013 of Possession of a Firearm by a Person Prohibited but acquitted

---

[1] *State v. Holmes*, 2016 WL 7324098 (Del. Super. Dec. 15, 2016).

him of Carrying a Concealed Deadly Weapon. In May 2014, the Superior Court denied Holmes' motions for new counsel and for judgment of acquittal and granted the State's motion to declare Holmes a habitual offender. The Superior Court sentenced Holmes to sixteen years at Level V incarceration, followed by one year at decreasing levels of supervision. We affirmed the Superior Court's judgment on direct appeal.[2]

(3)     Holmes filed his first timely motion for postconviction relief with the assistance of court-appointed counsel. Holmes' motion raised eight claims asserting that his trial counsel was ineffective and seven claims asserting that his appellate counsel was ineffective on direct appeal. In a twenty-two page opinion, the Superior Court rejected all of Holmes' claims and granted postconviction counsel's motion to withdraw from further representation. This appeal followed.

(4)     Holmes raises four claims in his opening brief on appeal. First, he contends that his trial counsel was ineffective for failing to file a pretrial motion seeking disclosure of the identity of the State's confidential informant. Second, Holmes contends that his trial counsel was ineffective for failing to obtain an expert opinion to support his intoxication defense. Third, Holmes contends that his trial counsel was ineffective for failing to move to withdraw

---

[2] *Holmes v. State*, 2015 WL 428071 (Del. Jan. 29, 2015).

as counsel due to a conflict. Fourth, Holmes argues that trial counsel was ineffective for failing to file a motion to sever the charges against him. To the extent that Holmes raised other issues in the motion he filed in the Superior Court, he has waived any right to further review of those claims on appeal by failing to argue them in his opening brief.[3]

(5) This Court applies the *Strickland* standard in reviewing claims of ineffective assistance of counsel in a timely first postconviction proceeding. Under *Strickland*, Holmes must demonstrate that: (a) his trial counsel's conduct fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different.[4] A defendant is required to set forth and substantiate concrete allegations of cause and actual prejudice.[5] Moreover, there is a "strong presumption" that counsel's representation was professionally reasonable.[6]

(6) In this case, the Superior Court carefully considered each of Holmes' claims of ineffective assistance and found that all of the alleged errors were, in fact, objectively reasonable strategic decisions made by

---

[3] *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).
[4] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[5] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[6] *Strickland v. Washington*, 466 U.S. at 689.

counsel.  The Superior Court concluded that Holmes had established neither cause nor prejudice under *Strickland*.[7]

(7)	We agree.  We have considered the parties' briefs and the record on appeal and conclude that the judgment below should be affirmed on the basis of, and for the reasons assigned by, the Superior Court in its well-reasoned opinion dated December 15, 2016.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[7] *State v. Holmes*, 2016 WL 7324098, *5-7 (Del. Super. Dec. 15, 2016).